# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

BARRY GIER and )
ARIANNA GIER, )
    Plaintiffs )
  )
v. ) Case No. 6:25-cv-03296
  )
MERCY HOSPITAL SPRINGFIELD )
    Defendant ) JURY TRIAL DEMANDED

## COMPLAINT

PLAINTIFFS, by counsel, set forth their Complaint against Defendant as follows:

1. The events giving rise to this action occurred in Greene County, Missouri.

2. Defendant is a nonprofit corporation doing business in Greene County, Missouri.

3. Plaintiff Barry Gier was an employee of Defendant in Greene County, Missouri between May and June 2025.

4. Defendant Arianna Gier was an employee of Defendant in Greene County, Missouri between January and June 2025.

5. Venue and jurisdiction are proper in this court because the events giving rise to this cause of action occurred in the Western District of Missouri and the Court has supplemental jurisdiction over non-Federal question claims.

6. Plaintiffs are husband and wife.

7. On or about May 15, 2025 Plaintiff Barry Gier suffered a work-related injury while on the job with Defendant.

8. Following Plaintiff Barry Gier's injury, he reported his injury to Defendant, filed a claim for Workers' Compensation and sought medical treatment for his work-related injury.

9. As part of Plaintiff Barry Gier's treatment, Plaintiff was placed on light duty wiping down the walls and handrails in Defendant's hallways.

10. Plaintiff Barry Gier was required to use a wheelchair while on light duty for his work-related injury.

11. On or about June 9, 2025 Defendant terminated the employment of both Plaintiffs.

12. On July 7, 2025 Plaintiff Barry Gier filed a charge of discrimination with the EEOC. A true and accurate copy is attached hereto as Exhibit 1 and incorporated herein by reference.

13. On July 7, 2025 Plaintiff Arianna Gier filed a charge of discrimination with the EEOC. A true and accurate copy is attached hereto as Exhibit 2 and incorporated herein by reference.

14. On September 28, 2025 the EEOC issued Plaintiff Barry Gier a Notice of Right to Sue. A true and accurate copy is attached hereto as Exhibit 3 and incorporated herein by reference.

15. On September 28, 2025 the EEOC issued Plaintiff Arianna Gier a Notice of Right to Sue. A true and accurate copy is attached hereto as Exhibit 4 and incorporated herein by reference.

## Count I – Sexual Harassment of Barry Gier

16. Plaintiffs incorporate by reference the above paragraphs.

17. This Count is brought pursuant to Title VII of the Civil Rights Act of 1964.

18. While on light duty and using a wheelchair, Plaintiff Barry Gier's supervisor Michael Martin would engage in unwelcome sexual harassment towards Plaintiff.

19. Martin's unwelcome conduct included:

   a. Unnecessarily following Plaintiff around during the workday,

   b. Unwanted touching of Plaintiff's arm,

   c. Informing Barry Gier that Martin had to follow Plaintiff into the bathroom to "assist" him.

20. Plaintiff Barry Gier told Martin that his actions were unwanted and unwelcome.

21. Said unwelcome behavior was severe and pervasive enough to interfere in Plaintiff's work environment and caused emotional distress to Plaintiff.

22. As a result of the aforesaid actions Plaintiff was damaged.

23. Defendant acted with reckless indifference or evil motive in performing the aforesaid acts.

### Count II – Retaliation against Barry Gier under Title VII

24. Plaintiffs incorporate by reference the above paragraphs.

25. This count is brought pursuant to Title VII of the Civil Rights Act of 1964.

26. Plaintiff Barry Gier reported the unwelcome harassment by Martin to Martin's supervisor.

27. Plaintiff further complained of Martin's behavior to Defendant's house supervisor.

28. Following Plaintiff Barry Gier's complaints, Plaintiff was subject to retaliatory harassment.

29. Said retaliatory harassment included:

    a. Martin's boss following Plaintiff around during Plaintiff's work time,

    b. Informing Plaintiff that he was not permitted to leave Defendant's first floor,

    c. Demanding hourly updates as to Plaintiff's location and actions.

30. Defendant engaged in the aforesaid behavior in order to retaliate against Plaintiff Barry Gier for reporting and complaining of sexual harassment in the workplace.

31. Defendant terminated Plaintiff Barry Gier's employment in retaliation for reporting and complaining of sexual harassment in the workplace.

32. Defendant acted with reckless indifference or evil motive in performing the aforesaid acts.

33. As a result of Defendant's actions Plaintiff Barry Gier has been damaged.

### Count III – Retaliation against Barry Gier under the Workers' Compensation Law

34. Plaintiffs incorporate by reference the above paragraphs.

35. This count is brought pursuant to RSMo § 287.780.

36. Defendant terminated Plaintiff Barry Gier in retaliation for exercising one or more of his rights under the Workers' Compensation Law, including:

    a.  Reporting a work-related injury to Defendant,

    b.  Filing a claim for compensation,

    c.  Seeking medical treatment for a work-related injury,

    d.  Accepting light duty while recovering from his work-related injury.

37. As a result of Defendant's actions Plaintiff Barry Gier has been damaged.

### Count IV – Retaliation against Arianna Gier under Title VII

38. Plaintiffs incorporate by reference the above paragraphs.

39. This count is brought pursuant to Title VII of the Civil Rights Act of 1964.

40. Arianna Gier assisted Barry Gier in reporting and opposing the aforesaid sexual harassment that Barry Gier experienced in the workplace.

41. Arianna informed Barry Gier about whom to report sexual harassment to and assisted Gier in making his reports of sexual harassment.

42. Arianna informed Defendants' agents of the harassment and retaliation against Barry Gier.

43. Defendant terminated Arianna Gier's employment in retaliation for Arianna engaging in protected behavior under 42 USC §200e-3(a).

44. Defendant terminated Arianna Gier in retaliation for her association with Barry Gier arising out of his disability and the aforesaid actions.

45. Defendant acted with reckless indifference or evil motive in performing the aforesaid acts.

46. As a result of Defendant's actions Arianna Gier has been damaged.

### Count V – Whistleblower Act Retaliation against Arianna Gier

47. Plaintiffs incorporate by reference the above paragraphs.

48. This count is brought pursuant to RSMo § 285.575.

49. Plaintiff Arianna Gier reported to Defendant violations of Title VII of the Civil Rights Act of 1964 and the Missouri Workers' Compensation Law arising out of the aforesaid events.

50. Plaintiff Arianna Gier was a "protected person" as that term is defined by RSMo § 285.575(4).

51. Defendant terminated Arianna Gier because of her status as a "protected person".

52. Defendant acted with reckless indifference or evil motive in performing the aforesaid acts.

53. As a result of Defendant's actions Plaintiff Arianna Gier has been damaged.

### Prayer for Relief

WHEREFORE Plaintiffs pray the Court for judgment against Defendant for Plaintiffs' damages, including back and front pay, emotional distress, punitive damages, attorney fees, costs, and such other relief as is just and lawful.

LAMPERT LAW OFFICE, LLC

By:/s/ Raymond Lampert

    Raymond Lampert, #57567
    1531 E. Bradford Pkwy., Ste. 200
    Springfield, MO 65804
    Phone: (417) 886-3330
    Fax: (417) 886-8186
    ray@lampertlaw.net
    *Attorney for Plaintiffs*